UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>DISTRICT OF NEVADA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-00465-MMD-CLB<br><br>ORDER |

I. **SUMMARY**

On October 10, 2023, the Court ordered *pro se* Plaintiff Tyrone Nunn, an inmate in the custody of the Nevada Department of Corrections, to file a signed complaint and either pay the $402 filing fee or file an application to proceed *in forma pauperis* ("IFP") by December 11, 2023. (ECF No. 3.) Thereafter, Plaintiff timely filed an IFP application, but it was incomplete because he did not file a completed financial certificate. (ECF No. 5.) Plaintiff did not file a complaint. On January 2, 2024, the Court granted Plaintiff a final extension of time to file a signed complaint and either pay the filing fee or file a fully complete IFP application. (ECF No. 6.) The Court gave Plaintiff until February 2, 2024, to comply and warned this action would be subject to dismissal without prejudice if he failed to do so. The second deadline has expired, and Plaintiff has not filed a complaint nor paid the filing fee or filed a fully complete IFP application.

II. **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

unless Plaintiff files a signed complaint and complies with the Court's orders, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**III.    CONCLUSION**

It is therefore ordered that the incomplete application to proceed *in forma pauperis* (ECF No. 5) is denied.

It is further ordered that this action is dismissed without prejudice based on Tyrone Noel Nunn's failure to file a signed complaint and either pay the filing fee or file a complete application to proceed *in forma pauperis* in compliance with this Court's October 10, 2023, and January 2, 2024, orders, and for failure to state a claim.

The Clerk of Court is further directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Tyrone Nunn wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

DATED THIS 11th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE